1  Yvonne Arvanitis Fossati (SBN 161764)
   Arvanity@jacksonlewis.com
2  Kevin S. Saman (SBN 260612)
   Samank@jacksonlewis.com
3  JACKSON LEWIS LLP
   725 South Figueroa Street, Suite 2500
4  Los Angeles, California 90017-5408
   Telephone: (213) 689-0404
5  Facsimile: (213) 689-0430

6  Attorneys for Defendants
   **MICHAELS STORES, INC., ARTISTREE,**
7  **INC. and DANA JOHNSON**

8
   LAW OFFICES OF LISA L. MAKI
9  ATTORNEYS AT LAW
   1111 South Grand Ave., Suite 101
10 Los Angeles, California 90015
   Lisa L. Maki, State Bar No. 158987
11 lmaki@lisamaki.net
   Christina M. Coleman, State Bar No. 192578
12 ccoleman@lisamaki.net
   Telephone: (213) 745-9511
13 Facsimile: (213) 745-9611

14 Attorneys for Plaintiff
   **ERNESTO ESPINOSA**

15

16              UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA

18 ERNESTO ESPINOSA,                  ) CASE NO.: CV10-10038 JHN (SSx)
                                       )
19         Plaintiff,                  ) District Judge Jacqueline Nguyen
                                       ) Magistrate Judge Suzanne H. Segal
20                                     )
      vs.                              )
21                                     ) **DISCOVERY MATTER**
   ARTISTREE, INC., a corporation;    )
22 MICHAELS STORES, INC., a           )
   corporation; DANA JOHNSON, an      ) [~~PROPOSED~~] **PROTECTIVE ORDER**
23 individual; and DOES 1-100, inclusive, )
                                       ) [Filed concurrently with Stipulated
24                                     ) Protective Order]
           Defendants.                 )
25                                     ) Complaint filed:      November 23, 2010
                                       ) Discovery Cut-Off     August 12, 2011
26                                     ) Final Pre-Trial Conf.: December 12, 2011
                                       ) Trial:                January 10, 2012
27 ──────────────────────────────     )

28

CASE NO.: CV10-10038 JHN (SSx)                    [PROPOSED] PROTECTIVE ORDER

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ERNESTO ESPINOSA,<br><br>12         Plaintiff,<br><br>13<br><br>14     vs.<br><br>15  ARTISTREE, INC., a corporation;<br>    MICHAELS STORES, INC., a<br>16  corporation; DANA JOHNSON, an<br>    individual; and DOES 1-100, inclusive,<br><br>17<br>             Defendants.<br>18 | CASE NO.: CV10-10038 JHN (SSx)<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br><br>Complaint filed:    November 23, 2010<br>Discovery Cut-Off   August 12, 2011<br>Final Pre-Trial Conf.: December 12, 2011<br>Trial:              January 10, 2012 |

19
20
21
22
23
24
25
26
27
28

1  Based upon the Stipulated Protective Order submitted by parties, and for good
2  cause shown:

3  The Court hereby orders that:

4  **A.**   **DEFINITIONS**

5  1.   "ACTION" shall mean the above-captioned action and any appeal(s) of that
6  action.

7  2.   "PARTIES" shall mean all parties of record in the ACTION, including all
8  counsel of record, their employees, contractors, representatives, and agents.

9  3.   "DOCUMENT(S)" shall mean any document or electronically stored
10  information -- including writings, drawings, graphs, charts, photographs, sound
11  recordings, images, and other data or data compilations stored in any medium from which
12  information can be obtained either directly or after translation into a usable form -- as
13  defined by Federal Rule of Civil Procedure 34(a)(1)(A).

14  4.   "CONFIDENTIAL MATERIALS" shall include all DOCUMENTS
15  produced in the course of the ACTION that:

16  a) contain information located in personnel files of current and former
17  employees;

18  b) contain information located in medical files of current and former
19  employees;

20  c) contain information located in workplace injury files of current and
21  former employees;

22  d) contain information seeking the disclosure of business and financial
23  information that is confidential, proprietary, commercially sensitive and/or a trade secret
24  as defined by California Civil Code §3426.1 and the Restatement Torts, Section 757.

25  **B.**   **PROCEDURES FOR USE AND DISCLOSURE OF CONFIDENTIAL**
     **MATERIAL**
26

27  5.   CONFIDENTIAL MATERIAL shall be so designated by stamping copies of
28  the document produced to a party with the legend "CONFIDENTIAL."  Stamping the

1 | legend "CONFIDENTIAL" on the cover of any multipage document shall designate all

2 | pages of the document as confidential, unless otherwise indicated by the producing party.

3 |      6.    Testimony taken at a deposition may be designated as confidential by

4 | making a statement to that effect on the record at the deposition or other ACTION and

5 | notifying the court reporter, if applicable, to separately transcribe the portion of the

6 | testimony or argument during which CONFIDENTIAL MATERIAL is discussed. Such

7 | portion of the deposition or hearing transcript shall be separately transcribed and stamped

8 | with the appropriate legal legend as specified in Paragraph 5, above. The transcript shall

9 | then be maintained by the witness, the court and/or outside counsel in accordance with

10 | the provisions of this Order.

11 |      7.    CONFIDENTIAL MATERIAL shall be protected by the PARTIES and may

12 | only be used in a manner that is consistent with this Order, and only as necessary for the

13 | purpose of the prosecution, defense, or settlement of this ACTION and for no other

14 | purpose. CONFIDENTIAL MATERIAL shall not be used in any other lawsuit, action,

15 | or other matter. Nothing in this Order restricts the ability of any party to use or disclose

16 | its own CONFIDENTIAL MATERIAL.

17 |      8.    CONFIDENTIAL MATERIAL produced under this Order may be disclosed

18 | or made available only to the Court, to counsel for a party (including the paralegal,

19 | clerical, and secretarial staff employed by such counsel), and to the "qualified persons"

20 | designated below:

21 |      a) a party, or an officer, director, or employee of a party deemed necessary

22 | by counsel to aid in the prosecution, defense, or settlement of this ACTION;

23 |      b) experts or consultants retained by the PARTIES in this ACTION;

24 |      c) court reporters employed in this action;

25 |      d) witnesses testifying during any aspect of the ACTION or designated by

26 | the PARTIES in this ACTION; and

27 |      e) any other person as to whom both PARTIES agree in writing.

28 |      9.    With the exception of the PARTIES and court personnel, to whom this

1  Order applies, CONFIDENTIAL MATERIAL shall not be disclosed to any person or

2  entity unless that person or entity first agrees to the terms and conditions of this Order in

3  writing, in the form of a nondisclosure agreement (*see* Attachment A), or on the record in

4  the ACTION.  The disclosing party shall retain the executed nondisclosure agreement,

5  and shall provide a copy to the PARTIES within seven days after the agreement is signed.

6        10.   A party seeking to resolve a dispute regarding the designation of confidential

7  information will comply with Local Rule 37.

8        11.   A party seeking to file confidential information under seal must comply with

9  the procedures in Local Rule 79-5.  However, should Plaintiff seek to file any document

10  produced to him by Defendants and designated as CONFIDENTIAL MATERIALS,

11  Plaintiff's obligation to comply with Local Rule 79-5 is limited to submitting the

12  CONFIDENTIAL MATERIALS to the Court under seal, with a completed template

13  application in the form attached hereto as Attachment B, which Defendants have

14  provided to Plaintiff for this purpose.  Plaintiff is not required to take any additional steps

15  to ensure any document designated by Defendants as CONFIDENTIAL MATERIALS is

16  ordered by the Court to be filed under seal, and is in no way liable for the Court's refusal

17  to do so.

18        12.   CONFIDENTIAL MATERIAL filed under seal shall be labeled with a cover

19  sheet bearing the case name and number, along with the following statement: "This

20  document is subject to a protective order in this case and shall not be copied or examined

21  except in compliance with that order."  Documents so-labeled shall be kept under seal by

22  the court clerk if the Court so permits.

23        13.   All persons and entities having access to CONFIDENTIAL MATERIAL

24  shall not make copies of the CONFIDENTIAL MATERIAL except as necessary for the

25  ACTION, and they shall maintain control of any such copies in compliance with this

26  Order.

27        14.   All CONFIDENTIAL MATERIAL shall be maintained with adequate

28  security to ensure compliance with this Order.  The PARTIES shall maintain a record of

1 | the persons and entities granted access to CONFIDENTIAL MATERIAL.

2 |      15.    Each person or entity having access to CONFIDENTIAL MATERIAL shall
3 | not disclose or discuss the content of the CONFIDENTIAL MATERIAL except as
4 | provided in this Order.

5 |      16.    Nothing in this Order shall prevent any person or entity from accessing or
6 | using CONFIDENTIAL MATERIAL as otherwise authorized in the normal scope of
7 | their official duties.

8 |      17.    Nothing in this Order shall affect the admissibility of CONFIDENTIAL
9 | MATERIAL for any use in this ACTION, including during trial.

10 |      18.    In the event any person or PARTY in the ACTION receives a court order,
11 | process or subpoena seeking the disclosure of CONFIDENTIAL MATERIAL, such
12 | person or PARTY shall promptly notify each of the PARTIES through their attorneys of
13 | record, shall furnish each of the PARTIES through their attorneys of record with a copy
14 | of the court order, process or subpoena, and shall not interfere with respect to any
15 | procedure sought to be pursued by any PARTY whose interests may be affected by such
16 | disclosure.  The PARTY asserting that documents or information subject to the court
17 | order, process or subpoena constitute CONFIDENTIAL MATERIAL shall have the
18 | burden of defending against such court order, process or subpoena.  The PARTY
19 | receiving the court order, process, or subpoena shall, once sufficient notice to all other
20 | PARTIES has been given and the PARTIES have had a reasonable opportunity to object
21 | (but in no case less than ten (10) days after notice), be entitled to comply with it except to
22 | the extent a PARTY has filed for or succeeded in obtaining an order modifying or
23 | quashing the court order, process, or subpoena.

24 | **C.    DISPOSITION OF CONFIDENTIAL MATERIAL UPON TERMINATION OF THE ACTION**
25 |

26 |      19.    At the conclusion of the ACTION (including appeal), all such
27 | CONFIDENTIAL MATERIAL shall be returned to the PARTY who produced it within
28 | fifteen (15) days of the final District Court or Court of Appeal dispositive order.  No

PARTY, expert, consultant or any other person or entity to whom such CONFIDENTIAL MATERIAL was produced shall retain any copies or any such CONFIDENTIAL MATERIAL, except that counsel for each PARTY may maintain one copy of all documents containing CONFIDENTIAL MATERIAL for the purpose of maintaining complete and accurate files of the ACTION.

20.   This Order shall survive the final termination of this ACTION, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or does not become known to the public.

**D.   MISCELLANEOUS PROVISIONS**

21.   The terms and conditions of this Order are without prejudice to the right of any party:

22.   All DOCUMENTS produced by any PARTY during the course of the ACTION shall be used solely in connection with the ACTION.  The PARTIES agree that any DOCUMENT produced during the course of the ACTION shall not be used or disseminated for any other purpose, including but not limited to, pending or future litigation in any court.

**IT IS SO ORDERED.**

Dated: _8/25_____, 2011    _____
                                         Magistrate Suzanne H. Segal
                                         United States District Court

4819-1956-2505, v. 1

## ATTACHMENT A

### Espinosa v. Artistree, Inc., et al.

### United States District Court, Central District Case No. CV10-10038 JHN (SSx)

### Declaration of Compliance with Stipulation

1. My name is _____. I live at _____, and I am employed as (position) _____, at _____ (name and address of employer).

2. I have read the Stipulated Protective Order that has been executed and entered as an order in this action, and a copy of it has been provided to me. I understand the provisions of this Stipulated Protective Order, and agree to comply with and to be bound by its provisions.

3. I will not reveal CONFIDENTIAL MATERIAL to anyone, except as permitted by the Stipulated Protective Order and will maintain all CONFIDENTIAL MATERIAL in a secure manner to prevent unauthorized access to it. I will use CONFIDENTIAL MATERIAL only for purposes of the above-referenced litigation.

4. Within 30 (days) days of receiving a request from any party, I will return any Restricted Information, including copies of notes thereof, to the Party or attorneys who provided me with the Information or destroy the information. However, I will not be obligated to return or destroy my work product that incorporates CONFIDENTIAL MATERIAL.

5. I hereby consent to the jurisdiction of the United States District Court, Central District Court for the sole purpose of enforcing the Stipulated Protective Order any other related orders of the Court.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct. Executed this _____ day of _____, 201__, at _____, _____.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
(Signature)

**ATTACHMENT B**

[INSERT FIRM NAME]

Attorneys for _____

THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO ESPINOSA, an individual, | **CASE NO.: CV10 10038 JHN (SSx)** |
| Plaintiff, | *Assigned to District Judge Jacqueline Nguyen and Magistrate Judge Suzanne H. Segal* |
| vs. | |
| ARTISTREE, INC. a corporation; MICHAELS STORES, INC. a corporation; DANA JOHNSON, an individual; and DOES 1-100, inclusive, | **APPLICATION TO FILE DOCUMENTS UNDER SEAL** [L.R. 79-5.1] |
| Defendants. | Complaint filed:      November 23, 2010 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff hereby respectfully applies, pursuant to Local Rule 79-5.1 and the Protective Order in force in this case, for an Order that the

_____

_____ be filed under seal.

On _____, the parties entered and filed the Stipulation and [Proposed] Protective Order.  On _____, Magistrate Judge Suzanne H. Segal entered an order approving the parties' Stipulation and [Proposed] Protective Order and making it an Order of the Court.

Paragraph 11 of the Protective Order lays out the procedures for filing documents under seal, pursuant to Local Rule 79-5.

The document listed above contains information that must be handled as "Confidential" under the Protective Order. Specifically, the document contains [information located in personnel files of current and former employees] or [information located in medical files of current and former employees] or [information located in workplace injury files of current and former employees] or [information seeking the disclosure of business and financial information that is confidential, proprietary, commercially sensitive and or a trade secret as defined by California Civil Code § 3426.1 and Restatement Torts, § 757].

Plaintiff requests that the Court order the above-referenced document to be filed under seal.

Dated: _____          [INSERT FIRM NAME]